UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MALE PERFORMANCE MEDICAL PARTNERSHIP, LLC, et al., | Case No. 2:18-cv-01731-APG-CWH |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| 79 LLC, | |
| Defendant. | |

This matter is before the court on plaintiffs Male Performance Medical Partnership, LLC and Medical Partnership, LLC's failure to comply with the court's order (ECF No. 13) and order to show cause (ECF No. 15).

On December 28, 2018, the court allowed plaintiffs' attorneys to withdraw and ordered plaintiffs to retain a new attorney as limited liability companies cannot represent themselves. (Order (ECF No. 13).)  Plaintiffs' court-ordered deadline for doing so was January 31, 2019.  (*Id.*) Plaintiffs did not comply with the court's order.  On February 11, 2019, the court ordered plaintiffs to show cause why sanctions should not be imposed for their failure to comply with the court's previous order.  (OSC (ECF No. 15).)  The court expressly cautioned plaintiffs that failure to respond to the order to show cause by March 11, 2019, would result in a recommendation that their case be dismissed.  (*Id.*)  This deadline has expired, and plaintiffs have not responded to the order to show cause, requested an extension to do so, or otherwise responded to the court's orders.  Nor has an attorney appeared on plaintiffs' behalf.

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  The rules provide several mechanisms that allow courts to accomplish this goal using sanctions against parties that

fail to comply with court orders or that unnecessarily multiply proceedings.  Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated."  *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal."  *Id.*

Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order."  Fed. R. Civ. P. 16(f)(1). Potential sanctions under Rule 37(b)(2)(A) include dismissing the action.  Fed. R. Civ. P. 37(b)(2)(A)(v).  In determining whether to impose the sanction of dismissal, a court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions.  *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  *See Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (district courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case).  Plaintiffs' failure to comply with the court's orders has resulted in unnecessary delay and has burdened the court's docket.  The third factor, risk of prejudice to the defendant, weighs in favor of dismissal because plaintiffs' repeated failures to comply with the court's orders have made it impossible for the case to move forward and impairs defendant's ability to go to trial and obtain a rightful decision in the case.  *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990).  The court expressly warned plaintiffs of the possibility of dismissal as a sanction for their failure to comply with the court's orders and there is no indication they will comply with the court's orders, thereby satisfying the fifth factor's

requirement that the court consider less drastic alternatives. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987). The fourth factor, the public policy favoring disposition of cases on their merits, is outweighed by the other factors favoring dismissal. As a result, the court will recommend dismissal of the case.

IT IS THEREFORE RECOMMENDED that this case be DISMISSED based on plaintiffs' failure to respond to the court's February 11, 2019, order to show cause.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 26, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE